THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| LIQUID MANNA, LLC, | § | No. 5:14-CV-1123-DAE |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | |
| | § | |
| GLN GLOBAL LIGHT NETWORK, LLC and DAVID DARTEZ, | § § | |
| | § | |
| Defendants. | § | |

ORDER DENYING MOTION TO DISMISS

Before the Court is a Motion to Dismiss filed by Defendant David Dartez ("Dartez") (Dkt. # 10). The Court held a hearing on the Motion on July 1, 2015. At the hearing, Dartez represented himself pro se, and Jeffrey Taylor, Esq., represented Plaintiff Liquid Manna, LLC ("Plaintiff"). After careful consideration of the supporting and opposing memoranda, and in light of the arguments presented at the hearing, the Court, for the reasons that follow, **DENIES** Dartez's Motion to Dismiss.

BACKGROUND

In approximately 2004, Fred Neal, Jr. ("Neal") developed and began selling a product described as "supersaturated oxygen" water. ("Compl.," Dkt. # 1 ¶ 10.) Neal marketed the water as having health benefits and sold it directly and through distributors under the name "Liquid Manna." (Id.) According to Plaintiff,

1

Neal also extensively used the terms "Royal" and "Regal" in marketing and selling his product, which consumers often refer to as "Regal Liquid Manna." (Id. ¶ 11.) On May 21, 2013, Neal obtained a trademark registered in his name for the "Liquid Manna" mark. (Id. ¶ 13 & Ex. A.)

Defendant Global Light Networks, LLC ("GLN"), a company owned and operated by Dartez (collectively, "Defendants"), was one of the largest distributors of Liquid Manna products. (Id. ¶ 14.) In the course of their business relationship, Neal and Dartez collaborated to develop and produce Liquid Manna gel pads, which contain oxygen-enhanced gel made using Neal's proprietary technology. (Id. ¶ 16.) Plaintiff asserts that Neal did not share the proprietary process with Dartez. (Id. ¶ 17.) The gel pads were sold by GLN using the "Liquid Manna" mark. (Id. ¶ 19.)

Neal died on June 1, 2014. (Id. ¶ 22.) Neal's estate assigned the trademark registration for "Liquid Manna" to Plaintiff on December 15, 2014. (Id., Ex. B.) Plaintiff has continued to manufacture and sell the water and gel pads using Neal's proprietary technology under the Liquid Manna mark. (Id. ¶ 24.)

Plaintiff alleges that after Neal's death, Dartez and GLN circulated newsletters containing false and disparaging information about the future availability of Liquid Manna products. (Id. ¶ 25.) Specifically, Plaintiff alleges that Defendants represented that Liquid Manna would no longer be sold by anyone,

that Neal had not shared the proprietary technology used to create the oxygenated water, and that Defendants were capable of reproducing the gel pads.  (Id. ¶ 26.) Defendants further claimed that there was a limited amount of Liquid Manna product left to sell.  (Id. ¶ 29.)

Plaintiff alleges that Defendants later began to assert that they could produce Liquid Manna's products using the same process and that Neal had taught Dartez how to create the oxygenated water and gel pads.  (Id. ¶¶ 30–31.) According to Plaintiff, Defendants have continued to sell products they claim are made using Plaintiff's proprietary process and have continued to employ Plaintiff's "Liquid Manna" mark in connection with products manufactured by Defendants. (Id. ¶¶ 33–34.)  Additionally, Defendants have begun selling an "oxygen enhanced water product" using the name "Regal" as its principal mark.  (Id. ¶¶ 36–37.) Finally, Plaintiff alleges that Defendants advertise a product called "Rad-D-Tox" using unauthorized and misleading references to Neal and his proprietary process. (Id. ¶¶ 38–42.)

Plaintiff filed suit against Defendants in this Court on December 22, 2014, alleging causes of action under the Lanham Act for false advertising, false association, trademark dilution, and trademark infringement.  (Id. ¶¶ 43–64, 84–97.)  Plaintiff's Complaint also alleges claims for injury to business reputation

under the Texas Business and Commerce Code, as well as common law business disparagement, defamation, and unfair competition.  (Id. ¶¶ 65–83.)

On April 2, 2015, Dartez filed the instant Motion to Dismiss.  (Dkt. # 10.)  Plaintiff filed a Response on April 16, 2015 (Dkt. # 11), and Dartez filed a Reply on May 11, 2015 (Dkt. # 18).  While Dartez has entered an appearance in this case, representing himself pro se, GLN has not.[1]  On April 20, 2015, Plaintiff moved for an entry of default against GLN, which was entered by the clerk on the same date.  (Dkt. ## 13, 14.)

LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) authorizes dismissal of a complaint for "failure to state a claim upon which relief can be granted."  In analyzing a motion to dismiss for failure to state a claim, the court "accept[s] 'all well pleaded facts as true, viewing them in the light most favorable to the plaintiff.'"  United States ex rel. Vavra v. Kellogg Brown & Root, Inc., 727 F.3d 343, 346 (5th Cir. 2013) (quoting In re Katrina Canal Breaches Litig., 495 F.3d 191, 205 (5th Cir. 2007)).  To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  "A claim has facial

---

[1] As a corporate entity, GLN is required to be represented by a licensed attorney. Memon v. Allied Domecq QSR, 385 F.3d 871, 873 (5th Cir. 2004) (finding that it is a "well-settled rule of law that a corporation cannot appear in federal court unless represented by a licensed attorney").

plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

## DISCUSSION

As a preliminary matter, the Court again notes that GLN has not entered an appearance in this action and is currently in default.  Dartez's Motion to Dismiss is therefore limited to the claims asserted by Plaintiff against Dartez and cannot reach the claims asserted by Plaintiff against GLN.

Dartez makes four arguments in support of his Motion to Dismiss: that (1) he is not individually liable because Plaintiff has not pled facts to support piercing GLN's corporate veil; (2) GLN's sale of Plaintiff's products does not establish trademark violations; (3) there has been no patent infringement because Plaintiff did not patent its products or process; and (4) his use of "Regal Plus" for his own products does not violate Plaintiff's trademark.  (Dkt. # 10 at 1, 5–6, 8.) The second and third arguments can be quickly disposed of.  As to the second, none of Plaintiff's causes of action are based on Defendants' sales, as a former distributor, of Plaintiff's products.  They are rather based on Defendants' alleged misrepresentations concerning Plaintiff's products, (Compl. ¶¶ 44–50, 66–80), alleged false association of Defendants' products with Plaintiff's products, (id. ¶¶ 55–58, 81–83), alleged unauthorized use of the Liquid Manna mark in

5

Defendants' products, (id. ¶¶ 85–88, 91–96), and alleged use of Plaintiff's common law "Regal" mark in Defendants' products (id. ¶¶ 99–102).  The argument that Defendants' sale of Plaintiff's products cannot establish a trademark violation is therefore inapposite.  With regard to Dartez's third argument, Plaintiff has not asserted claims for patent infringement, and thus the argument that Plaintiff has not stated a claim for patent infringement also fails to support dismissal.

Dartez further argues that he is not liable in his personal capacity for the acts alleged by Plaintiff, and that Plaintiff has not pled facts that would allow it to hold Dartez liable for GLN's actions.  (Dkt. # 10 at 1.)  Plaintiff, however, has not alleged that Dartez is liable as a shareholder of GLN, but instead that he is liable in his individual capacity.  Plaintiff's Complaint, which refers to Dartez and GLN collectively as "Defendants," asserts that Dartez and GLN each engaged in the conduct alleged, and are thus each liable on the stated causes of action.  While Dartez argues that he was acting in his capacity as manager of GLN during the period relevant to this action, that issue is a question of fact inappropriate for consideration on a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).  See In re Katrina Canal, 495 F.3d at 205 (stating that in a motion to dismiss under Rule 12(b)(6), "[t]he court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff" (internal quotation marks omitted)).  Because Plaintiff's claims are alleged against Dartez in his individual

capacity, there is no need to plead facts that would allow Plaintiff to hold Dartez liable for GLN's actions, and Plaintiff's claims against Dartez cannot be dismissed on this basis.

Dartez also asserts that Plaintiff has no rights in marks other than Liquid Manna, and thus that Defendants' use of "Regal Plus" and "Regal+" in connection with Defendants' products does not state a claim for common law trademark infringement. (Dkt. # 10 at 8.) Dartez's argument as to whether Plaintiff in fact owns the claimed common law marks again raises questions of fact that the Court may not consider here. In his Reply, Dartez further argues that the use of "Regal" and "Regal Plus" do not violate Plaintiff's Liquid Manna trademark as a matter of law. (Dkt. # 19 at 1.) Plaintiff has not alleged, however, that Defendants' use of "Regal" in connection with the sale of their products infringes on Plaintiff's federally registered Liquid Manna trademark. Plaintiff instead alleges that Defendants' use of the marks "Regal" and "Royal" infringe on Plaintiff's common law rights in those same marks. (Compl. ¶¶ 99–102.)

To the extent that Dartez seeks to argue that Plaintiff has failed to state a claim for common law trademark infringement, the Court will address that argument on the merits. A trademark infringement claim has two elements: "[t]he plaintiff must first establish ownership in a legally protectable mark, and second . . . show infringement by demonstrating a likelihood of confusion."

Amazing Spaces, Inc. v. Metro Mini Storage, 608 F.3d 225, 235–36 (5th Cir. 2010) (internal quotation marks omitted) (omission in original); see also Zapata Corp. v. Zapata Trading Int'l, Inc., 841 S.W.2d 45, 47 (Tex. App. 1992) ("A common law trademark infringement action under Texas law presents no difference in issues than those under federal Trademark infringement actions."). Notably, "ownership of trademarks is established by use, not by registration" in a common law infringement claim.  Union Nat'l Bank of Tex., Laredo, Tex. v. Union Nat'l Bank of Tex., Austin, Tex., 909 F.2d 839, 842 (5th Cir. 1990).

  Here, Plaintiff has sufficiently alleged a cause of action for common law trademark infringement.  Plaintiff alleges that Neal "extensively used the terms 'Royal' and 'Regal'" in connection with branding his products, and that the "oxygen water product was and is often referred by consumers as 'Regal Liquid Manna.'"  (Compl. ¶ 11.)  Plaintiff also alleges that Neal used the terms "Royal" and "Regal" continuously and extensively to market and sell his oxygenated water and related products prior to Defendants' October 9, 2014 release of a new product using the term "Regal."  (Id. ¶¶ 13, 36–37.)  Plaintiff's claims that Neal, Plaintiff's predecessor in interest, used the "Royal" and "Regal" marks in commerce prior to their use by Defendants are sufficient to allege that Plaintiff owns the "Regal" and "Royal" marks based on priority of use.

Additionally, Plaintiff alleges that the use of "Regal" and "Royal" to identify its products have made the marks "distinctive of the integrity and quality of its goods and services," and that Defendants' use of the marks on its own similar products "was intended to mislead the public and lead to confusion and mistake." (Id. ¶¶ 100–01.)  While subjective intent is not relevant to showing a likelihood of confusion, Plaintiff has sufficiently pled a likelihood of confusion given that it alleges that (1) the word marks claimed by Plaintiff are the same as those allegedly used by Defendants, and (2) the "oxygen-enhanced water products" sold by Defendants are similar to those sold by Plaintiff.  (See Compl. ¶¶ 33–34.)  Finally, Plaintiff alleges that use of its common law marks by Defendants have resulted in damages in the form of lost profits and loss of goodwill.  (Id. ¶ 108.)  These allegations are sufficient to state a claim for common law trademark infringement.

Defendant has not identified any deficiency in Plaintiff's pleading requiring dismissal, and the Court finds that Plaintiff has adequately alleged each of its stated causes of action.  The Court therefore **DENIES** Plaintiff's Motion to Dismiss.

## CONCLUSION

For the foregoing reasons, the Court **DENIES** Plaintiff's Motion to Dismiss (Dkt. # 10.)

**IT IS SO ORDERED.**

**DATED:** San Antonio, Texas, July 2, 2015.

_____
David Alan Ezra
Senior United States Distict Judge